FILED

2004 Nov-15 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| JERRIE D. DANIELS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: CV 04-P-1344-W |
| | } | |
| SATURN CORPORATION OF | } | |
| AMERICA, et al. | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

The court has before it Defendant Auto Outlet, Inc.'s Motion for Summary Judgment. (Doc. # 5). The motion has been fully briefed and was under submission, without oral argument, as of November 10, 2004. (Doc. # 20).

In reviewing the summary judgment papers, it came to the court's attention that a jurisdictional issue exists in this case that the court must resolve before considering the merits of Defendant Auto Outlet, Inc.'s motion for summary judgment. Plaintiff's complaint seeks damages against Saturn Corporation of America ("Saturn") and Auto Outlet, Inc. for negligent supervision, negligent maintenance, and outrageous conduct resulting from the alleged failure of an air bag system to deploy in a car which Plaintiff purchased from Auto Outlet, Inc. (Doc. # 1). Although Saturn is a diverse defendant, (Doc. # 7), it is undisputed that both Plaintiff and Defendant Auto Outlet, Inc. are resident citizens of Alabama. (Docs. # 1, 4).

Nonetheless, Defendants removed this case on the basis of diversity jurisdiction and raised the issue of fraudulent joinder in their Notice of Removal, claiming that removal was proper because "there is no possibility that Plaintiff can prove a cause of action against Auto Outlet." (Doc. # 1, at

4). Defendant Auto Outlet, Inc. also moved for summary judgment. (Docs. # 5, 6, 19).[1] Plaintiff's opposition to Defendant's summary judgment motion does not address the issue of fraudulent joinder (Doc. # 16), and Plaintiff has not filed a motion to remand.

Nonetheless, the court has an independent obligation to examine its own jurisdiction and must do so before ruling on the merits of the case. Accordingly, the court ordered the parties, on or before November 10, 2004, to show cause why this case should not be remanded for lack of subject matter jurisdiction. (Doc. # 20). Defendant Auto Outlet, Inc. filed a timely response to the show cause order. (Doc. # 21). As of the date of entry of this order, Plaintiff has not filed a response to the court's order.

Defendant Auto Outlet Inc.'s summary judgment papers, including the most recent response to the court's show cause order, assert that removal jurisdiction is proper, that no genuine issue of material fact exists, and that Defendant is entitled to judgment as a matter of law. (Doc. # 5). The court, having considered the parties' submissions, finds that removal was proper and that Defendant Auto Outlet, Inc. was fraudulently joined because there is no possibility that Plaintiff can prove a cause of action against Auto Outlet, Inc. Accordingly, the court grants Defendant's motion for summary judgment.

## I.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for

---

[1] Saturn has not moved for summary judgment.

its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

## II.    Relevant Undisputed Facts[2]

This case was filed on May 26, 2004 in the Circuit Court of Green County Alabama. (Doc. # 21, at 1). Defendants Saturn and Auto Outlet, Inc. jointly filed a timely Notice of Removal to this court pursuant to 28 U.S.C. § 1446(b). (Docs. # 1, 3).

Plaintiff's lawsuit arises out of an automobile accident which allegedly occurred on or about September 6, 2003 in Greene County. (Doc. # 1). Plaintiff alleges that her 1994 Saturn SL (the "vehicle") was "driven off of the road" causing her to suffer numerous injuries when an airbag in the vehicle did not deploy as designed. (Doc. # 1). Plaintiff alleges that Saturn negligently designed the airbag/supplemental restraint system in her vehicle. (Doc. # 1). Plaintiff's only allegations

---

[2] If facts are in dispute, they are stated in the manner most favorable to the Plaintiff. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Plaintiff's summary judgment opposition did not dispute the facts offered by Defendant.

3

against Auto Outlet, Inc., a used car dealership, are that it negligently maintained the vehicle, resulting in the failure of the airbags to deploy, and that it failed to supervise its employees during the maintenance of the vehicle. (Doc. # 1). In response to Defendant's motion for summary judgment, Plaintiff also claims that even if Auto Outlet, Inc. did not actually inspect or maintain the vehicle, it had a duty to do so "due to the particular field in which it operated as a business." (Doc. # 16, at 1).

Auto Outlet, Inc. is a used car dealership, not a manufacturer of vehicles or an auto mechanic business. (See Affidavit of Donald Kent Graves). Auto Outlet, Inc. has never performed any type of maintenance, repairs, or other mechanical work that would in any way relate to or impact the airbag or supplemental restraint systems of any vehicle it sells, including Plaintiff's vehicle. (Graves Aff.). The Plaintiff's vehicle was acquired by Auto Outlet, Inc. on November 25, 2002, and the vehicle was resold to the Plaintiff on or about February 1, 2003 in its same condition. (Graves Aff.) During that time period, the vehicle did not have any repair work or maintenance performed that would relate in any way to airbags or any supplemental restraint system. (Graves Aff.)

## III.    Applicable Substantive Law and Analysis

A defendant's "right of removal cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Fraudulent joinder is found in three circumstances: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts," or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Only the first instance applies in this case.

4

The determination of whether a case should be remanded is based on "the plaintiff's pleading at the time of the petition for removal," *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), and any "affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Accordingly, the court has considered the allegations of plaintiff's complaint in conjunction with the affidavit evidence submitted by Defendant and the relevant case law. Plaintiff's claims in this case are all premised upon the theory that Auto Outlet, Inc. performed some type of maintenance on Plaintiff's vehicle which impacted the airbag system in the vehicle or had a duty to inspect or perform maintenance on the airbag mechanism in Plaintiff's vehicle. (Docs. # 1, 16). For the reasons outlined below, the court finds that "there is no possibility that the [P]laintiff can prove a cause of action against [Auto Outlet, Inc.]."

First, it is undisputed that Auto Outlet, Inc. did not perform any maintenance on Plaintiff's vehicle. Defendant has produced affirmative evidence to demonstrate that fact, which Plaintiff has not controverted. (Doc. # 6).[3] Moreover, Alabama law does not impose upon a used car dealer a duty to inspect the automobiles it sells for hidden design or construction defects. *Johnson v. General Motors* Corp., 82 F.Supp.2d 1326 (S.D. Ala. 1997); *see also Krogger Company v. Goodhew*, 281 Ala. 637 (1968) ("[A] retailer ordinarily is under no duty to test articles to discovery latent defects, or hidden dangers."). Although Plaintiff argues that the court should find such a duty exists, the only

---

[3] Alternatively, Defendant argues that even if Plaintiff purports to assert a products liability/AEMLD claim against Auto Outlet, Inc., such a claim fails for lack of casual relationship. *See, e.g., Goree v. Winnabego Industries, Inc.*, 958 F.2d 1537 (11th Cir. 1992); *Dennis v. American Honda Motor Company, Inc.*, 585 So.2d 1336 (Ala. 1991). It does not appear to the court that Plaintiff has asserted such a claim. Nonetheless, summary judgment would be appropriate on any such claim because Plaintiff has not demonstrated any involvement with the vehicle by Auto Outlet, Inc. which bears any relationship to the injuries outlined in Plaintiff's complaint. *Fleming Farms v. Dixie AG. Supply, Inc.*, 631 So.2d 922 (Ala. 1994).

cases cited by Plaintiff in support of that assertion are inapposite. *See Caudle v. Patridge*, 566 So.2d 244 (Ala. 1990) (holding that reseller of truck that had been modified by conversion kit *did not have an AEMLD duty to warn* future passengers of dangers posed by kit as installed since reseller was not in business of selling kits); *Allen v. Delchamps*, 624 So.2d 1065 (Ala. 1993) (holding that fact issues precluded summary judgment for grocery store who sold celery treated with pesticide *based on the finding that grocery store routinely inspects produce for freshness and quality at its warehouse and could or should have inspected the subject celery*).

In a case substantially similar to the one at hand, *Johnson v. General Motors Corp.*, 82 F.Supp 2d 1326 (S.D. Ala. 1997), the Southern District of Alabama determined that a used car dealership had been fraudulently joined where evidence was presented that the dealership "performed no service or body work on the [subject vehicle], did not modify the vehicle in any way and had absolutely no input in the design and manufacturing process." *Johnson*, 82 F.Supp. at 1330. The court also declined to recognize a duty to locate and repair alleged hidden defects in the design or construction of a vehicle. *Johnson*, 82 F.Supp.2d at 1330.

Just as the court in *Johnson*, this court also finds that this case was properly removed and that Auto Outlet, Inc.'s joinder "must be considered fraudulent for purposes of determining the existence of diversity jurisdiction." *Johnson*, 82 F.Supp.2d at 1330. Because there is no possibility that Plaintiff can prove a cause of action against Auto Outlet, Inc., this court has removal jurisdiction and summary judgment for Auto Outlet, Inc. is due to be granted.[4]

_____

[4] Plaintiff's complaint also alleged claims for outrageous conduct and intentional infliction of emotional distress. These claims do not merit a lengthy discussion. Under Alabama law, the tort of outrage and intentional infliction of emotional distress are interchangeable. *Callens v. Jefferson County Nursing Home*, 769 So. 2d 273, 281 (Ala. 2001). Moreover, the Alabama Supreme Court has narrowly defined the contours of that claim as a "very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So.2d 1041, 1044 (Ala.1993) (noting that the Alabama Supreme Court "has held in a large majority of the outrage

6

## IV.    Conclusion

For the reasons stated above, Defendant's motion for summary judgment is due to be granted.

The court finds that no genuine issues of material fact remain for trial and that Defendant is entitled

to judgment as a matter of law.  A separate order will be entered.

**DONE** and **ORDERED** this ___12th___ day of November, 2004.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

cases reviewed that no jury question was presented").  In fact, Alabama courts have recognized the tort of outrage in only three circumstances: "cases having to do with wrongful conduct in the context of family burials; cases where insurance agents employed heavy-handed, barbaric means to coerce a settlement; and cases involving egregious sexual harassment." *Carter v. Harris,* 64 F.Supp.2d 1182, 1194 (M.D.Ala.1999) (citing *Thomas,* 624 So.2d at 1044).  This is not a case where the tort of outrage is cognizable.