IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JERRIE D. DANIELS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: CV 04-P-1344-W |
| **SATURN CORPORATION OF AMERICA, et al.** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

The court has before it Defendant Saturn Corporation's ("Saturn") Motion for Summary Judgment filed December 3, 2004. (Doc. # 24).

By orders dated July 7, 2004 and August 18, 2004, the court issued a briefing schedule for Rule 56 motions filed in this case, which provided that any summary judgment opposition from Plaintiff was due twenty-one (21) days after Defendant's motion was filed. (Docs. # 8, 14, Ex. A). Accordingly, Plaintiff's response to Defendant's December 3, 2004 motion was due on December 27, 2004.[1] As of the date of entry of this order, the court has not received any opposition from Plaintiff to the pending motion. The court's briefing schedule advised that the motion would be under submission, without oral argument, when briefing concluded. (Docs. # 8, 14, Ex. A). Accordingly, the motion is properly under submission.

Plaintiff alleges that Saturn negligently designed the airbag/supplemental restraint system in her vehicle and/or negligently supervised its employees in the design of such system. (Doc. # 1).

---

[1] Although the twenty-one day period for Plaintiff's response actually fell on Friday, December 24, 2004, that day was a court holiday, and therefore, pursuant to Rule 6, Plaintiff's response was due the following Monday, December 27, 2004.

Plaintiff further contends that Defendant's conduct was outrageous and constituted intentional infliction of emotional distress. (Doc. # 1).[2] Defendant Saturn's summary judgment asserts that no genuine issue of material fact exists and that Defendant is entitled to judgment as a matter of law. (Doc. # 24).

**I.  Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the

---

[2] Although Plaintiff's complaint also alleges claims for negligent supervision, negligent maintenance, and outrageous conduct against Auto Outlet, Inc., the court found that Defendant Auto Outlet, Inc. was fraudulently joined and, by order dated November 15, 2004, dismissed Auto Outlet, Inc. from this case. (Doc. # 23).

evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

## II.     Relevant Undisputed Facts[3]

This case was filed on May 26, 2004 in the Circuit Court of Green County Alabama. (Doc. # 21, at 1). Defendants Saturn and Auto Outlet, Inc. jointly filed a timely Notice of Removal to this court pursuant to 28 U.S.C. § 1446(b). (Docs. # 1, 3).

Plaintiff's lawsuit arises out of an automobile accident which allegedly occurred on or about September 6, 2003 in Greene County. (Doc. # 1). Plaintiff alleges that her 1994 Saturn SL (the "vehicle") was "driven off of the road" and struck a utility pole, causing her to suffer numerous injuries when an airbag in the vehicle allegedly did not deploy as designed. (Doc. # 1; Doc. # 25, Ex. A., Saturn's Requests for Admission No. 3).[4]

Plaintiff no longer has control of the vehicle and is unaware of its current location. (Doc. # 25, Ex. A., Saturn's Requests for Admission Nos. 1, 2). As a result, Defendant was unable to conduct an inspection of the vehicle or ascertain any information from the onboard electronic module ("DERM"), which continuously monitors the function of the air bag system in the car. (Doc. # 25, Ex. B., Affidavit of Manuel Peace).

Plaintiff has no independent evidence that the air bag system in the subject vehicle failed to perform properly at the time of the Plaintiff's accident. (Doc. # 25, Ex. A., Saturn's Requests for Admission No. 6). It is undisputed that the Plaintiff's vehicle was working properly at the time it

---

[3] If facts are in dispute, they are stated in the manner most favorable to the Plaintiff. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

[4] Pursuant to Fed. R. Civ. P. 36, Defendant's requests for admission are deemed admitted by Plaintiff's failure to object or deny the requests within 30 days of service. As noted earlier, Plaintiff has not opposed Defendant's motion for summary judgment and has not sought relief from failing to respond to Defendant's requests for admission.

left the control of Defendant. (Doc. # 25, Ex. A., Saturn's Requests for Admission Nos. 6, 7).

**III.     Applicable Substantive Law and Analysis**

In the present case, the court finds that Saturn is entitled to summary judgment on Plaintiff's negligence claims for two related reasons.[5]  First, under the spoliation doctrine, Plaintiff's failure to present the vehicle for inspection renders summary judgment appropriate.  Second, Plaintiff has failed to establish a prima facie case because she cannot offer any substantial evidence that the vehicle was defective at the time it left the control of Saturn.

   **A.     Summary Judgment Is Due to Be Granted under the Spoliation Doctrine**

Spoliation is the negligent or intentional destruction of evidence. *Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269, 1274 (N.D. Ala. 1999). A party who suppresses or conceals material evidence creates a presumption that the evidence is detrimental, and such presumption cannot be rebutted by secondary evidence. *Russell v. Bush*, 71 So. 397 (Ala. 1916); *Vesta Fire Ins. Corp. v. Milam & Co. Const., Inc.*, 2004 WL 1909458 (Ala. August 27, 2004)("[I]f the trier of fact finds a party guilty of spoliation, it is authorized to presume or infer that the missing evidence reflected unfavorably on the spoliator's interest."). In a products liability case such as this one, the defendant is entitled to examine the allegedly defective product to determine the cause of the alleged

---

[5] Plaintiff's complaint also alleged claims for outrageous conduct and intentional infliction of emotional distress. These claims do not merit a lengthy discussion. Under Alabama law, the tort of outrage and intentional infliction of emotional distress are interchangeable. *Callens v. Jefferson County Nursing Home*, 769 So. 2d 273, 281 (Ala. 2001). Moreover, the Alabama Supreme Court has narrowly defined the contours of that claim as a "very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.,* 624 So.2d 1041, 1044 (Ala.1993) (noting that the Alabama Supreme Court "has held in a large majority of the outrage cases reviewed that no jury question was presented"). In fact, Alabama courts have recognized the tort of outrage in only three circumstances: "cases having to do with wrongful conduct in the context of family burials; cases where insurance agents employed heavy-handed, barbaric means to coerce a settlement; and cases involving egregious sexual harassment." *Carter v. Harris,* 64 F.Supp.2d 1182, 1194 (M.D.Ala.1999) (citing *Thomas,* 624 So.2d at 1044). This is not a case where the tort of outrage is cognizable.

defect. *See Iverson v. Xpert Tune, Inc.*, 553 So. 2d 82, 84 (Ala. 1989)(dismissing breach of contract claim when plaintiff failed to preserve evidence of allegedly defective repair work).

Alabama law is clear that products liability claims related to a defective automobile are properly disposed of on summary judgment if the automobile in question is not available and the plaintiff has no other means of proving the alleged defect. *Capitol Chevrolet, Inc. v. Smedley*, 614 So.2d 439 (Ala. 1993). In *Smedley*, General Motors was sued for damages to a vehicle that resulted from a fire which began in the engine compartment of the vehicle. *Smedley*, 614 So.2d at 441. Within days of the fire, the plaintiff's insurance carrier hired an inspector to evaluate the damage to the vehicle. *Id.* The vehicle was subsequently sold for salvage, and eleven months later, an action was filed against General Motors. *Id.* The Alabama Supreme Court held that the trial court abused its discretion by failing to dismiss the action because the plaintiff allowed material evidence to be destroyed despite the fact that a reasonable person could foresee that the vehicle would be the subject of a lawsuit. *Id.* at 443.

In this case, Plaintiff could have reasonably foreseen that her vehicle would be a crucial piece of evidence in this lawsuit given that she has alleged negligent design of the vehicle's airbag. Although the record is devoid of evidence regarding the whereabouts of the vehicle in this case, it is undisputed that Plaintiff no longer has possession or control of the vehicle. In the absence of the vehicle, Plaintiff admits that she has no other evidence of a defect. Moreover, Defendant's Staff Analysis Engineer, Manuel Peace, reviewed documentation regarding the Plaintiff's vehicle and indicated that, in the absence of an inspection of the vehicle (including the DERM, the collision damage, or other physical evidence pertaining to the air bag system), he has no reason to suspect that the airbag system did not perform properly. (Doc. # 25, Ex. B., Peace Aff.). Peace testified that he believes the airbag system on 1994 Saturn SL vehicles like the Plaintiff's is reasonably safe and

5

appropriate for its reasonably anticipated use. (Doc. # 25, Ex. B., Peace Aff.).

Given the evidence before the court, summary judgment is appropriate under Alabama law on Plaintiff's negligence claims against Saturn. *See Verchot v. General Motors*, 812 So.2d 296 (Ala. 2001) (affirming summary judgment for General Motors because the subject vehicle was not available for inspection, Plaintiff could not prove the alleged defect through other means, and General Motors presented an affidavit from an engineer stating that it could not determine the cause of the failure without inspecting the vehicle).

### B.     Plaintiff Has Failed to Establish a Prima Facie Case under the AEMLD

Summary judgment is also appropriate because Plaintiff has failed to establish a prima facie case of liability. Plaintiff's negligence claims against Saturn are products liability claims governed by the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"). The Alabama Supreme Court has held that because the AEMLD is a "fault-based concept, ... 'a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, [is committing] negligence as a matter of law.'" *Veal v. Teleflex, Inc.*, 586 So. 2d 188, _____ (Ala. 1991).

> Under the AEMLD, a manufacturer has the duty to design and manufacture a product that is reasonably safe for its intended purpose and use. However, the manufacturer of a product is not an insurer against all harm that may be caused by the use of the product, and the manufacturer or designer is not obligated to produce an accident-proof or injury-proof product. Likewise, the failure of a product does not presuppose the existence of a defect. Proof of an accident and injury is not in itself sufficient to establish liability under the AEMLD; *a defect in the product must be affirmatively shown.*

*Donnelly v. Club Car, Inc.,* 724 So. 2d 25, 27 (Ala. Civ. App. 1998)(emphasis added)(citing *Townsend v. General Motors Corp.,* 642 So. 2d 411, 415 (Ala. 1994))  Not only must Plaintiff affirmatively prove the existence of a defect in her vehicle, she must also prove that the alleged

defect was present in the vehicle at the time the vehicle left the control of Saturn. *See Bell v. T.R. Miller Mill Co.*, 768 So.2d 953 (Ala. 2000).

As discussed earlier, Plaintiff has presented no independent evidence of a defect nor has she shown that any alleged defect was present in the vehicle when it left the control of Saturn. This failure of proof is fatal to Plaintiff's claims under the AEMLD. Accordingly, Saturn's motion for summary judgment is due to be granted for this reason as well.

### IV.   Conclusion

For the reasons stated above, Defendant's motion for summary judgment is due to be granted. The court finds that no genuine issues of material fact remain for trial and that Defendant is entitled to judgment as a matter of law. A separate order will be entered.

**DONE** and **ORDERED** this ____3rd____ day of January, 2005.

                                                                          _____
                                                                          **R. DAVID PROCTOR**
                                                                          UNITED STATES DISTRICT JUDGE